[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11969
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-01014-WMR

CHRISTOPHER M. GIBSON,

Plaintiff - Appellant,

versus

SECURITIES AND EXCHANGE COMMISSION,
CHAIRMAN OF THE SECURITIES AND EXCHANGE COMMISSION,
UNITED STATES ATTORNEY GENERAL,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 30, 2019)

Before WILSON, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Christopher M. Gibson, appeals the district court's order denying his motion for preliminary injunctive relief, requesting that the district court preliminarily enjoin, based on constitutional grounds, the Securities and Exchange Commission ("SEC") from continuing an administrative proceeding against him. Relying on circuit precedent, the district court determined that it lacked subject matter jurisdiction over the case, denied the request for injunctive relief, and dismissed Gibson's complaint in its entirety. After reviewing the record and reading the parties' briefs, we affirm the district court's order.

## I. BACKGROUND

In 2016, the SEC instituted an administrative enforcement proceeding against Gibson to determine whether he had violated the Securities and Exchange Act by acting as an investment adviser to a private pooled investment fund. The allegation was that in his role, Gibson had "engaged in a deceptive scheme to front-run [the Fund's] trades and benefit himself and those close to him at the expense of the Fund and his other clients by exploiting the investment advice he provided to the Fund." *See* Order Instituting Administrative and Cease-and-Desist Proceedings, at 9 (SEC Mar. 29, 2016) (Violations E. 54.), https://go.usa.gov/xVA7g. An Administrative Law Judge ("ALJ") held a hearing and issued an initial decision adverse to Gibson. The SEC granted Gibson's

request to review that initial decision and ordered merits briefing.  While Gibson's case was pending, the United States Solicitor General submitted a brief in the Supreme Court in *Lucia v. SEC*, No. 17-130, agreeing with the petitioner's argument that the ALJ's are inferior officers under the Appointments Clause who must be appointed by the President, a Court of Law, or the Head of a Department, such as the SEC.  Because of this brief, the SEC issued an order that ratified the previous appointments of its ALJs and remanded all pending administrative proceedings, including Gibson's case, to its ALJs.  The ALJ assigned to Gibson's case ratified her earlier decision, and Gibson petitioned for SEC review.

While Gibson's petition for review was pending, the Supreme Court issued its decision in *Lucia v. SEC*, ___ U.S. ___, 138 S. Ct. 2044 (2018), holding that the SEC's ALJs were inferior officers who had not been properly appointed at the time of petitioner's administrative proceeding.  The Court's remedy was a remand to the agency for a new hearing before a properly appointed officer; however, the properly appointed officer could not be the same officer who previously heard the case.  *Id.* at ___, 138 S. Ct. at 2055.  Hence, the SEC remanded Gibson's case for a new hearing before a different, properly appointed, ALJ.

Gibson filed an answer and raised several objections to the administrative proceedings, such as (1) the proceedings violated the separation of powers, (2) the

3

statutory restrictions on removing the SEC's ALJs violated Article II, (3) the SEC's ALJs had not been properly appointed, (4) the proceedings were based on an impermissible delegation of legislative authority, (5) the proceedings violated his due process rights, (6) the proceedings violated his equal protection rights, (7) the proceedings violated his right to a jury trial, (8) the statute of limitations had run, and (9) the proceedings were barred by laches.  The ALJ held proceedings in July and August 2019, took the case under advisement, but has not issued an initial decision.

While these administrative proceedings were underway, Gibson sued in the district court to enjoin these proceedings.  Gibson raised in the district court many of the same claims he raised in his administrative proceeding.  The district court dismissed the complaint for lack of jurisdiction based on our court's holding in *Hill v. SEC*, 825 F.3d 1236, 1237 (11th Cir. 2016), which construed the judicial review provisions of the Securities and Exchange Act, 15 U.S.C. § 78y.  The district court also denied Gibson's motion for preliminary injunctive relief.

## II. DISCUSSION

On appeal, Gibson primarily challenges the district court's reliance on our *Hill* decision by attempting to distinguish his case from the *Hill* case.  He also argues that the SEC administrative proceedings deny him his Seventh Amendment

right to a jury trial, that the district court should exercise its jurisdiction to consider whether the SEC proceedings are now barred by the statute of limitations, and that his due process claims can only be determined by the district court. We are unpersuaded by Gibson's arguments.

We review *de novo* the district court's determination of subject matter jurisdiction. *Hill*, 825 F.3d at 1240. We note that federal district courts generally have jurisdiction over claims that seek declaratory and injunctive relief based on constitutional violations. *See* 28 U.S.C. §§ 1331, 2201. However, Congress may allocate to an administrative body the initial review of such claims, and when it does, the court must undertake the analysis set forth in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 114 S. Ct. 771 (1994).

In *Hill*, we employed the framework established in *Thunder Basin* to examine whether Congress allocated initial review of claims raising constitutional challenges that seek declaratory and injunctive relief to the SEC's administrative process. *Hill*, 825 F.3d at 1241. We first decided whether Congress's intent to preclude initial review in the district court is "fairly discernible in the statutory scheme." *Id.* (quoting *Thunder Basin*, 510 U.S. at 207, 114 S. Ct. at 776). We then considered whether the respondents' claims were "of the type Congress intended to be reviewed within this statutory structure." *Id.* (quoting *Thunder*

5

*Basin*, 510 U.S. at 212, 114 S. Ct. at 779).  We also examined whether the respondents' claims would receive meaningful judicial review within the statutory structure.  Lastly, we questioned whether "agency expertise could be brought to bear on the . . . questions presented" and the extent to which the litigants' claims are "wholly collateral to [the] statute's review provisions."  *Id.* (quoting *Thunder Basin*, 510 U.S. at 212, 214–15, 114 S. Ct. at 780).  Applying this framework, we concluded that the respondents' claims had to proceed initially in the administrative forum and then through the judicial review scheme enacted by Congress in 15 U.S.C. § 78y.  *Id.*

As our court noted, Congress authorized the SEC to bring civil actions to enforce violations of the Securities and Exchange Act in either federal district court or in an administrative proceeding before the SEC.  *Id.* at 1237 (citing 15 U.S.C. § § 78u(d), 78u-1, 78u-2, 78u-3).  "An SEC administrative enforcement action culminates in a final order of the Commission, which in turn is reviewable exclusively by the appropriate federal court of appeals."  *Id.* (citing 15 U.S.C. § 78y).  We concluded that respondents in an SEC administrative enforcement action could not bypass the Exchange Act's review scheme by filing a collateral lawsuit in federal district court challenging the administrative proceedings on constitutional grounds.  *See id.* at 1243.  Because we discerned no Congressional

6

intention to exempt the type of claims the respondents raised from the review process Congress created, we vacated the district court's preliminary injunction orders and remanded to the district court with instructions to dismiss the actions for lack of jurisdiction.  *Id.* at 1252.

Like the district court, we conclude that *Hill* controls in this case.  Gibson can receive meaningful judicial review of his claims in a court of appeals, and if the appellate court finds merit in any of his claims, it may vacate or set aside any adverse SEC order.  Moreover, the SEC may bring its expertise to bear on Gibson's claims because it will necessarily have to decide threshold issues, such as whether Gibson has violated the securities laws or whether the statute of limitations has expired.  Further, Gibson's constitutional and statutory claims are "inextricably intertwined with the conduct of the very enforcement proceeding the statute grants the SEC the power to institute and resolve as an initial matter." *Jarkesy v. SEC*, 803 F.3d 9, 23 (D.C. Cir. 2015).  Accordingly, we conclude that because Gibson cannot bypass the SEC statutory scheme by filing a collateral action in federal district court, the district court properly dismissed his action for lack of jurisdiction.  Moreover, we find no merit to the other arguments raised by Gibson on appeal.

AFFIRMED.